Case No.: 3:12-cv-04501-JCS

**ORDER GRANTING DEFENDANTS' MOTION TO REMAND [Dkt. No. 7].**

Wilfredo L. Maniulit,

        Plaintiff,

    v.

Alejandro Majorkas, et al.,

        Defendants.

## I.   INTRODUCTION

On August 27, 2012, Plaintiff Wilfredo L. Maniulit ("Plaintiff") petitioned this Court to conduct a hearing on his application for naturalization pursuant to 8 U.S.C. § 1447(b), which authorizes district courts to decide or remand an application for citizenship if the United States Citizenship and Immigration Services ("USCIS") does not make a decision within 120 days of the applicant's examination.  Plaintiff's eldest daughter turned 21-years-old on August 28, 2012, thus Plaintiff requests the Court to grant him citizenship *nunc pro tunc* to avoid a delay in his daughter's immigration to the United States by ten years.  Defendants[1] have filed a Motion to Remand the matter to the USCIS, contending the agency is prepared to adjudicate Plaintiff's Naturalization Application within thirty days from the issuance of this Order.  The Motion came on for hearing on November 9, 2012, at 9:30a.m.  For the reasons set forth below, Defendants' Motion to Remand is GRANTED in its entirety.[2]

---

[1] Defendants in this matter are Alejandro Majorkas, Director of USCIS; Janet Napolitano, Secretary of the Department of Homeland Security; Robin Barret, USCIS San Francisco Field Office Director; Eric H. Holder, Jr., Attorney General of the United States; Robert Mueller, III, Director of the Federal Bureau of Investigation.

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

Plaintiff is a native of the Philippines and has been a lawful permanent resident of the United States since December 25, 1995. Dkt. No. 1 ("Petition") ¶¶ 6, 12. Plaintiff entered the United States with an immigrant visa based on a petition filed on his behalf as the unwed child of a lawful permanent resident. *Id.* ¶ 12 n. 1. However, Plaintiff was in fact married and concealed his marriage from U.S. immigration authorities. *Id.* Plaintiff's wife and three children (currently ages 21, 15 and 11) reside in the Philippines. *Id.* ¶¶ 13-14.

Plaintiff first applied for naturalization on September 25, 2000, but his application was denied on September 26, 2008. Declaration of Randall Ricks ("Ricks Decl.") ¶ 3. On or about September 6, 2011, Plaintiff was placed in removal proceedings on the basis of his initial ineligibility for permanent resident status. *Id.* ¶ 4; Petition ¶ 12 n. 1. On October 13, 2011, at the conclusion of these proceedings, an immigration judge granted Plaintiff's application for relief from removal pursuant to 8 U.S.C. § 1227(a)(1)(H), which grants the Attorney General discretionary authority to waive certain misrepresentations. Ricks Decl. ¶ 6; Petition ¶ 12 n. 1; 8 U.S.C. § 1227(a)(1)(H). Plaintiff's permanent resident status thus remained undisturbed as of the date it was initially granted. Petition ¶ 12 n. 1.

On November 18, 2011, Plaintiff filed his second application for naturalization. Ricks Decl. ¶ 7. According to Plaintiff, he is statutorily eligible to naturalize because he has been a lawful permanent resident for five years, has been physically present in the United States for at least thirty of the past sixty months, has resided in the District of the Service in the United States where the application was filed for at least three months, and has been a person of good moral character during the statutorily required period. *Id.* ¶ 18; *see* 8 U.S.C. § 1427(a)(3). On March 19, 2012, USCIS interviewed Plaintiff regarding his application for naturalization at the San Francisco field office. Petition ¶ 21. Plaintiff alleges he passed the required history/civics, reading and writing tests at this interview. *Id.* ¶ 22.

During the March 19, 2012 interview, Plaintiff's counsel informed the examining officer of the importance of naturalizing prior to August 28, 2012. *Id.* ¶ 23. Plaintiff's eldest daughter turned 21-years-old on August 28, 2012. *Id.* ¶ 1. According to Plaintiff, when USCIS grants an

1 individual's application for naturalization and he becomes a United States citizen, his spouse and
2 any children under the age of twenty-one are considered immediate relatives and are eligible to
3 immigrate to the United States immediately. *Id.* ¶ 16. Also according to Plaintiff, children over
4 the age of twenty-one are not eligible for immediate relative status and instead fall within the
5 unmarried sons or daughters category, for which there is a significant wait time to obtain an
6 immigrant visa. *Id.* ¶ 17. If Plaintiff's application is granted after August 28, 2012, his eldest
7 daughter will most likely have to wait ten years before immigrating to the United States. *Id*. ¶ 17
8 n. 2.

9 After Plaintiff's interview, Plaintiff's counsel inquired about the status of the application
10 on several occasions. On April 19, 2012, Plaintiff's counsel mailed a letter to USCIS indicating
11 the urgency of Plaintiff's application. *Id.* ¶ 25. Plaintiff's counsel also appeared in person at the
12 USCIS San Francisco field office on May 15, 2012 and June 13, 2012. *Id.* ¶¶ 26-27. On June 21,
13 2012, USCIS requested further evidence that Plaintiff had been supporting his dependents
14 residing in the Philippines. *Id.* ¶ 28. Plaintiff provided this evidence to USCIS on July 3, 2012.
15 *Id.* ¶ 29. Plaintiff's counsel appeared in person at the USCIS field office again on July 20, 2012
16 and August 6, 2012. *Id.* ¶¶ 30-31.

17 On August 15, 2012, Plaintiff's counsel received an email from USCIS indicating that the
18 application for naturalization was being reviewed, but the decision could take up to an additional
19 six months. *Id.* ¶ 32. Plaintiff's counsel went to the USCIS field office after receiving this email,
20 and was told there was an issue with the case which USCIS was unable to disclose. *Id.* ¶ 33.
21 USCIS also indicated that Plaintiff would need to be fingerprinted again at the USCIS support
22 center. *Id*. Plaintiff was fingerprinted again on August 16, 2012. *Id.* Plaintiff's application
23 remains pending. Ricks Decl. ¶ 7.

24 On August 27, 2012, Plaintiff filed the instant action under 8 U.S.C. § 1447(b) alleging
25 failure to render a decision on naturalization within 120 days of examination. Plaintiff requests
26 the Court to (1) assume exclusive jurisdiction over Plaintiff's application for naturalization; (2)
27 conduct a *de novo* review of Plaintiff's application; (3) grant Plaintiff citizenship status *nunc pro*
28 *tunc* to a date prior to August 28, 2012, or, in the alternative, remand the application to USCIS

3

with instructions to adjudicate the application by a date certain, and, should the application be granted, afford Plaintiff citizenship status *nunc pro tunc* to a date prior to August 28, 2012; and (4) grant Plaintiff attorneys' fees and costs. Petition at 7-8.

On October 2, 2012, Defendants filed the instant Motion to Remand this matter to the USCIS. Dkt. No. 7 ("Motion"). Defendants assert USCIS was unable to adjudicate Plaintiff's application previously because of the incomplete file and the need for additional evidence, but is now prepared to adjudicate Plaintiff's application within thirty days from the date of an Order from this Court remanding the matter. *Id.* at 5. Defendants contend remand is appropriate because USCIS has expertise to adjudicate naturalization issues and judicial deference to the executive branch is favored in the immigration context. *Id.* Defendants also contend *nunc pro tunc* relief is inappropriate in this case because any harm Plaintiff may suffer when USCIS adjudicates his application after August 28, 2012 does not rise to the exceptional level required to award such relief. *Id.* at 7-8.

Plaintiff opposes Defendants' Motion and requests the Court to retain jurisdiction so Plaintiff can establish that the delay in Plaintiff's case resulted from Defendants' intentional or negligent conduct. Dkt. No. 8 ("Opposition") at 1. Plaintiff contends Defendants have failed to inform the Court of any issue which would necessitate USCIS's expertise. *Id*. at 2. Plaintiff also contends judicial deference in not warranted here because Plaintiff maintains USCIS's conduct was negligent or intentional, and USCIS will not seriously consider this argument or give Plaintiff access to the information necessary to properly assess this argument. *Id.* Plaintiff also argues that *nunc pro tunc* relief is appropriate in this case because the delay in processing Plaintiff's application will result in a harm that warrants exceptional relief. *Id*. at 4-6.

**III.    DISCUSSION**

    **A.    Remand to USCIS**

The USCIS is the division of the Department of Homeland Security responsible for adjudicating naturalization applications. *See* 6 U.S.C. § 271(b). If the USCIS fails to adjudicate an application for citizenship within 120 days from the date USCIS initially interviews the applicant, the applicant may petition a United States district court for a hearing on the matter. *See*

4

8 U.S.C. § 1447(b); *United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir. 2004) (holding the initial interview date triggers the 120-day period under § 1447(b)). Once the applicant files a petition, the "court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter." 8 U.S.C. § 1447(b). In this case, over 120 days have passed since Plaintiff's initial interview on March 19, 2012. Accordingly, this Court has jurisdiction to either determine or remand the matter. *See id*.

The Court finds that remand to the USCIS, rather than judicial determination of the naturalization application, is appropriate in this case. The executive branch is in a better position than this Court to decide Plaintiff's application for immigration. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002) ("The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides."). Although district courts have jurisdiction to decide applications for naturalization, the vast majority of courts remand these matters to the USCIS to decide in the first instance whether to grant or deny citizenship. *See Roberts v.* Holder, No. 11-1941, 2012 WL 2563880, at *2 (D. Md. June 29, 2012) ("[The] vast majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the matter back to CIS") (citation omitted); *Volovnikov v. DHS*, No. 07-3607 (EDL), 2008 WL 666023, at *3 (N.D. Cal. March 6, 2008) (listing district courts which remanded to the USCIS); *Paten v. Hansen*, No. 07-0792, 2008 WL 148947, at *1 (S.D. Ohio Jan. 4, 2008) ("Almost without exception, courts have elected to remand [naturalization] questions to the USCIS.")); *see also Deng v. Chertoff*, No. 06-7697 (SI), 2007 WL 1501736 (N.D. Cal. May 22, 2007) ("The Court finds it appropriate to remand this action to USCIS because that agency has considerably more expertise than the Court in adjudicating naturalization petitions."). Plaintiff argues that USCIS's expertise is unnecessary in this case. However, unlike district courts, USCIS is charged with deciding naturalization applications frequently and is therefore better equipped to apply immigration laws thoroughly and consistently. Moreover, if Plaintiff is unsatisfied with the agency's decision on his application, he may return to this Court after a hearing before an immigration officer pursuant to 8 U.S.C. §

1421(c) for review of that decision. This Court would then at least have the benefit of reviewing Plaintiff's application after the agency has applied its expertise.

Plaintiff argues the cases cited above should be distinguished because in most instances, the plaintiffs' background checks were still pending, which is not the case here. However, even in cases where the background checks were still pending, the courts also considered USCIS's general expertise on immigration matters to be an important reason why the agency should be the first to determine an individual's application. *See, e.g.*, *Volovnikov*, 2008 WL 666023, at *34 ("[T]he Court does not have particular expertise in conducting background checks *or adjudicating naturalization applications*") (emphasis added). A background check is just one of many factors USCIS looks into before deciding whether to grant or deny an application for naturalization.[3] Although Plaintiff alleges that he has satisfied all the requirements to be granted citizenship, the Court finds it more prudent to allow the USCIS to make this decision in the first instance.

Plaintiff urges the Court to follow the two other district courts which declined to remand a naturalization application. *See Astafieva v. Gonzales*, No. 06-4820 (JW), 2007 WL 1031333 (N.D. Cal. April 3, 2007); *Lifshaz v. Gonzales*, No. 06-1470 (MJP), 2007 WL 1169169 (W.D. Wash. April 19, 2007). However, in both of these cases, the naturalization applications were pending for a much longer period of time than is the case here. *See Lifshaz*, 2007 WL 1169169, *2 ("Over 900 days elapsed between the date of [the plaintiff's] interview and the filing of his complaint"); *Astafieva*, 2007 WL 1031333, *3 ("Plaintiff's application has been pending for thirty-five months since her naturalization interview was completed"). Here, Plaintiff's examination occurred on March 12, 2012 and the decision on Plaintiff's application has only been delayed for several weeks after the 120 days expired in July of 2012. Unlike Plaintiff's application, many applications for naturalization are delayed for several months or years. Moreover, USCIS is prepared to adjudicate Plaintiff's application within thirty days of this

---

[3] A lawful permanent resident is eligible for naturalization if he or she (1) satisfies a five-year statutory residency requirement; (2) has resided continuously in the United States from the date of the application to the time of admission as a citizen; and (3) is of good moral character. 8 U.S.C. § 1427(a). USCIS then conducts a background investigation of the applicant, including a review of immigration and police records. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.

6

1 Court's Order. Ricks Decl. ¶ 9. Thus, the delays in *Astafieva* and *Lifshaz* which prompted the
2 district courts to diverge from the normal course of remanding these matters is not present here.

### B. *Nunc Pro Tunc* Relief

Plaintiff requests in the alternative for the Court to remand the matter to USCIS with instructions to grant Plaintiff citizenship status *nunc pro tunc* to a date prior to August 28, 2012, should USCIS grant Plaintiff's application at all. "*Nunc pro tunc*, Latin for 'now for then,' refers to a court's inherent power to enter an order having retroactive effect." *Iouri v. Ashcroft*, 487 F.3d 76, 87 (2nd Cir. 2007) (citing *Black's Law Dictionary* 1100 (8th Ed. 2004)). "When a matter is adjudicated *nunc pro tunc*, it is as if it were done as of the time that it should have been done." *Edwards v. INS*, 393 F.3d 299, 308 (2nd Cir. 2004). *Nunc pro tunc* relief "should be granted or refused as justice may require." *Mitchell v. Overman*, 103 U.S. 62, 65 (1882). "In the immigration context, the purpose of the *nunc pro tunc* doctrine is 'to return aliens to the position in which they would have been, but for a significant error in their immigration proceedings.'" *Panchishak v. US Department of Homeland Security*, 446 Fed.Appx. 361, 362-63 (2nd Cir. 2011) (quoting *Edwards*, 393 F.3d at 309). Thus, courts should award *nunc pro tunc* relief "where agency error would otherwise result in an alien being deprived of the opportunity to seek a particular form of … relief." *Edwards*, 393 F.3d at 311. However, such relief may be rendered inappropriate "by the existence of unclean hands, or other equitable factors." *Id*. at 311 n. 15.

The parties disagree with regard to whether *nunc pro tunc* relief is warranted in this case. On the one hand, Plaintiff contends that USCIS's "intentional or negligent conduct" in delaying Plaintiff's application constitutes a "significant error," and "assuming" the delay to be caused by USCIS's error, the ten-year delay which his eldest daughter will likely face before she is able to immigrate to the United States warrants *nunc pro tunc* relief. On the other hand, Defendants contend USCIS's error in this case is not of the "exceptional" character which would generally warrant *nunc pro tunc* relief. Defendants argue that such relief is intended to remedy a situation where the immigrant is deprived of an opportunity to seek a particular form of relief, *see Edwards*, 393 F.3d at 311, and here, Plaintiff is not deprived of any particular form of relief

because his daughter will still have a chance to immigrate to the United States and become a U.S. citizen, despite any delay caused by USCIS.

The Court does not disregard the hardship Plaintiff may face when his eldest daughter is delayed from immigrating to the United States for ten years. However, this is not the sort of case which warrants this Court to specifically instruct USCIS to grant Plaintiff citizenship status *nunc pro tunc*. Such relief is generally reserved for exceptional circumstances of significant agency error. *See Edwards*, 393 F.3d at 309. Here, any "error" which may have occurred was the delay in Plaintiff's application by several weeks. Considering the frequency with which such applications are delayed, the Court cannot plausibly infer that the delay in Plaintiff's application was caused by any "intentional or negligent conduct" on part of USCIS. Plaintiff has not cited any case in which a court remanded such specific instructions to the USCIS, and the Second Circuit denied *nunc pro tunc* relief in a very similar case. *See Panchishak*, 446 Fed.Appx. at 362-63. This is an unfortunate situation, and if USCIS deems it proper to grant Plaintiff's naturalization application *nunc pro tunc*, that decision would certainly represent a compassionate exercise of the Service's discretion. Nonetheless, for the same reasons this Court will not decide Plaintiff's naturalization application in the first instance, the Court also finds it improper to remand with specific instructions to grant *nunc pro tunc* relief on these facts.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Remand is GRANTED in its entirety. USCIS is hereby ordered to adjudicate Plaintiff's application for naturalization within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: November 9, 2012

_____
Joseph C. Spero
United States Magistrate Judge